IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONGWOO JOHN CHANG,
M.D., FRCS (C),

         Plaintiff,               No. CIV S-08-0657 FCD DAD PS

   vs.

CLAIR POMEROY, M.D., et al.,       <u>ORDER</u>

         Defendants.

_____/

        The pro se plaintiff has requested that the court dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2), that the dismissal be with prejudice, and that each side bear its own fees and costs.  Defendants do not object to dismissal with prejudice but argue that plaintiff has no right "to waive Defendants' right to recover attorney's fees and costs" and that such waiver is not "allowed in a one-sided request for dismissal under Rule 41(a)(2)."

        Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order "on terms that the court considers proper."  The decision to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and is reviewed only for abuse of discretion.  <u>Sams v. Beech Aircraft Corp.</u>, 625 F.2d 273, 277 (9th Cir. 1980).  Dismissal pursuant to Rule 41(a)(2) should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result.  <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001).

1    The Ninth Circuit Court of Appeals has observed that, as Rule 41(a)(2) exists

2  chiefly for the defendant's protection, the court has the discretion to condition a dismissal

3  without prejudice upon the payment of the defendant's "appropriate costs and attorney fees."

4  Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).  However, such a

5  condition of dismissal is not a prerequisite to an order granting voluntary dismissal, Stevedoring

6  Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989), and a court cannot impose

7  fees and costs as a condition of voluntary dismissal absent some basis other than the mere fact of

8  the plaintiff's request for Rule 41(a)(2), Heckethorn v. Sunan Corp., 992 F. 2d 240, 242 (9th Cir.

9  1993).

10    The court in Heckethorn left open the issue of whether a district court can impose

11  payment of fees and costs as a condition when Rule 41(a)(2) dismissal is with prejudice, but

12  district courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily

13  should not be imposed as a condition for voluntary dismissal with prejudice.  See Chavez v.

14  Northland Group, No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011)

15  (granting plaintiff's motion to dismiss with prejudice and denying defendant's request for

16  attorney fees and costs); Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)

17  (declining to award costs and attorney fees where dismissal was with prejudice).  Cf. Steinert v.

18  Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006) (holding that attorneys fees may be

19  imposed under Rule 41(a)(2) only in exceptional circumstances where dismissal is with

20  prejudice).  As one California district court has put it, "[a] plaintiff faced with the imposition of

21  attorneys' fees and costs as a condition of voluntary dismissal may request that the action be

22  dismissed with prejudice to avoid payment."  Gonzalez v. Proctor and Gamble Co., No. 06cv869

23  WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) ("An award of costs and

24  attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice.").

25  /////

26  /////

1    After consideration of defendants' objections and the entire record, as well as the

2    authorities cited supra, the court will grant plaintiff's request for voluntary dismissal with

3    prejudice, with each side to bear its own fees and costs.

4    Accordingly, IT IS HEREBY ORDERED that:

5    1.  Plaintiff's February 4, 2011 request for dismissal of this action (Doc. No. 68)

6    is granted.

7    2.  Defendants' motion for summary judgment or, in the alternative, for summary

8    adjudication of issues (Doc. No. 60) is moot and is dropped from the court's February 18, 2011

9    calendar.

10   3.  This action is dismissed with prejudice pursuant to Federal Rule of Civil

11   Procedure 41(a)(2), with each side to bear its own attorneys' fees and costs.

12   DATED: February 10, 2011.

13

14   _____

15   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

16   DAD:kw
     Ddad1\orders.pro se\chang0657.voldism.ord

17

18

19

20

21

22

23

24

25

26

3